## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM S. ZEIGLER,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE ARMY,
　　　　　　Agency.

DOCKET NUMBER
DA-0752-13-0912-I-1

DATE: September 25, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

William S. Zeigler, APO, APO/FPO Europe, pro se.

Heather A. Masten, Ft. Sam Houston, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　　　The appellant has filed a petition for review of the April 13, 2013 initial decision in this appeal. Initial Appeal File, Tab 24, Initial Decision; Petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Review (PFR) File, Tab 1.[2]  During later settlement discussions, the appellant decided to withdraw the petition for review and submitted a letter to that effect. PFR File, Tab 4.  The appellant's letter includes a statement signed by the agency's representative, declaring that the agency has no objection to the withdrawal of the petition for review.  *Id*.

¶2      Finding that withdrawal is appropriate under these circumstances, we DISMISS the petition for review as withdrawn with prejudice to refiling.  The initial decision of the administrative judge is final.  This is the Board's final order in this matter.  Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory

---

[2] This appeal was at one time part of a consolidation of furlough appeals in *Army Med Com-Fort Sam Houston v. Department of Defense*, MSPB Docket No. DA-0752-14-0425-I-1, but the administrative judge later removed this appeal from the consolidation and issued an initial decision under the appellant's individual docket number.  *See William S. Zeigler v. Department of the Army*, MSPB Docket No. DA-0752-13-0912-I-1, Initial Decision (Apr. 3, 2015).

deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:  _____

William D. Spencer
Clerk of the Board

Washington, D.C.